# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FREEDOM WATCH,
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC, 20006


                    Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION,
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA, 22602

OFFICE OF THE ATTORNEY GENERAL
Office of Information Policy
1425 New York Ave, N.W., Suite 11050
Washington, D.C., 20530


                    Defendants.

## COMPLAINT

Plaintiff FREEDOM WATCH, INC. ("Plaintiff") brings this action against Defendants

Federal Bureau of Investigation ("FBI") and the Office of the Attorney General ("OAG") to

compel compliance with the Freedom of Information Act, 5 U.S.C.§ 552 ("FOIA"). As grounds

therefore, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5. U.S.C. § 552(a)(4)(B)

and 28 U.S.C 1331.

2.      Venue is proper in this district pursuant to 28. U.S.C.  1391(e)

## PARTIES

3.      Plaintiff Freedom Watch, Inc. is a 501(c)(3), non-profit, public interest foundation

organized under the laws of the District of Columbia and having its principal place of business at

2020 Pennsylvania Ave., NW Suite 345, Washington, DC, 20006. Plaintiff seeks to promote

openness within the federal government and their actions. Plaintiff regularly requests records

under FOIA to shed light on the operations of the federal government and to educate the public

about these operations. Plaintiff then analyzes the agency records and disseminates the results of

its analysis to the public.

4.      Defendants are agencies of the United States Government. Defendants have

possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 12, 2016, Plaintiff sent FOIA requests to Defendant FBI and Defendant

OAG by certified mail, seeking the production of agency records relating to the final decision not

to recommend prosecution and/or not to prosecute former Secretary of State Hillary Clinton for

alleged crimes and other alleged illegalities related to the use and/or misuse of her private email

server during her tenure as Secretary of State. ("First FOIA Request"). A true and correct copy of

Plaintiff's First FOIA Request and Proof of Service are attached hereto as **Exhibit A**.

6.      Defendants FBI and OAG were required to determine whether to comply with

Plaintiff's First FOIA Request within 20 days, excepting Saturdays, Sundays, and legal public

holidays, pursuant to 5 U.S.C.§ 552(a)(6)(A). Pursuant to this same provision, Defendants FBI

and OAG also were required to notify Plaintiff immediately of this determination, the reasons

therefore, and the right to appeal any adverse determination to the head of the agency. Excluding

weekends, and since there were no legal public holidays within the timeframe. Defendants FBI

and OAG were required to make its determination and provide Plaintiff with requisite

notifications regarding Plaintiff's First FOIA Request by August 2, 2016.

7.      On July 14, 2016, Plaintiff sent a FOIA request to Defendant FBI by certified

mail, seeking the production of agency records relating to the final decision to require agents of

the FBI to sign non-disclosure agreements with regard to the investigation of Hillary Clinton and

her private email server. ("Second FOIA Request"). A true and correct copy of Plaintiff's Second

FOIA Request and Proof of Service are attached hereto as **Exhibit B**.

8.      Defendant FBI was required to determine whether to comply with Plaintiff's

Second FOIA Request request within 20 days, excepting Saturdays, Sundays, and legal public

holidays, pursuant to 5 U.S.C.§ 552(a)(6)(A). Pursuant to this same provision, Defendant FBI

also was required to notify Plaintiff immediately of this determination, the reasons therefore, and

the right to appeal any adverse determination to the head of the agency. Excluding weekends,

and since there were no legal public holidays within the timeframe. Defendant FBI was required

to make its determination and provide Plaintiff with requisite notifications regarding Plaintiff's

Second FOIA Request by August 4, 2016.

9.      As of the date of this Complaint, the Defendants FBI and OAG have failed to

make bona fide, good faith determinations about whether they will comply with either of

Plaintiff's requests. Nor have Defendants FBI and OAG produced any records responsive to

either request, indicated when any responsive records will be produced, or demonstrated that

specific responsive records are exempt from production. The attached FOIA requests and

Plaintiff's response to Defendants' failure to produce records, failure to say when any such

records will be produced, and failure to grant expedited treatment and feed waivers demonstrates

that any administrative appeal would be futile and thus the complaint is being filed upon

notification to the agency. *See Singh v. Ashcroft*, 362 F.3d 1164, 1169 (9th Cir. 2004) (A plaintiff

need not "exhaust administrative remedies that would be futile" to exhaust.). *See also Sokha Sun*

*v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004) ("where the agency's position on the question at

issue appears already set, and it is very likely what the result of recourse to administrative

remedies would be, such recourse would be futile and is not required.").

**FIRST CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**
**Against Defendants FBI and OAG**

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendants are unlawfully withholding records requested by Plaintiff's First

FOIA Request pursuant to 5 U.S.C. § 552 as set forth in Exhibit A, which is incorporated herein

by reference.

12.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful

withholding of requested records, and Plaintiff will continue to be irreparably harmed unless

Defendants are compelled to conform its conduct to the requirements of the law.

13.     Plaintiff respectfully requests a FOIA fee waiver pursuant to 5 U.S.C. § 552, as

Plaintiff is a non-profit, public interest organization that seeks to promote openness within the

federal government and their actions. Plaintiff regularly requests records under FOIA to shed

light on the operations of the federal government and to educate the public about these

operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis

to the public at large.

WHEREFORE, Plaintiff respectfully request that the Court: (1) order Defendants to

conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendants to produce, by a certain date, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exception.; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**
**Against Defendant FBI**

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendants are unlawfully withholding records requested by Plaintiff's Second FOIA Request pursuant to 5 U.S.C. § 552, as set forth in Exhibit B, which is incorporated herein by reference.

16.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

17.     Plaintiff respectfully requests a FOIA fee waiver pursuant to 5 U.S.C. § 552, as Plaintiff is a non-profit, public interest organization that seeks to promote openness within the federal government and their actions. Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis to the public at large.

WHEREFORE, Plaintiff respectfully request that the Court: (1) order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a certain date, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exception.; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 30, 2016

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave, NW
Suite 345
Washington, DC, 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

# EXHIBIT A



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

▶ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811  ▶ (310) 595-0800  ▶ leklayman@gmail.com

July 12, 2016

*VIA CERTIFIED MAIL, FACSIMILE. RETURN RECEIPT REQUESTED AND*
*FACSIMILE*

Laurie Day
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001
Tel: (202) 514-FOIA
Fax: (202) 514-1009

**Federal Bureau of Investigation**
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, A 22602-4843
Fax: (540) 868-4391/4997
Email: foiparequest@ic.fbi.gov

**Re:**   **FREEDOM OF INFORMATION ACT REQUEST.**

Dear Ladies and Gentlemen:

Pursuant to the Freedom of Information Act (5 U.S.C. § 552), and its regulations, Freedom
Watch, Inc. requests that that the Office of the Attorney General ("OAG") and the Federal
Bureau of Investigation ("FBI") produce the below requested documents.

## DEFINITION

For the purposes of this Freedom of Information Act request, the term "document" is hereby
defined expansively to include any or all of the following, whether existing as electronic, digital,
or computer data, in electronic or digital form, or in paper form: correspondence, letters,
memoranda, recommendations, statements, audits, list of names, applications, diskettes, expense
logs and receipts, calendar or diary logs, folders, files, books, manuals, pamphlets, drawings,
charts, photographs, records, orders, plans, proposals, meeting agendas, minutes of meetings,
briefing materials, notes of phone messages or visits, routing slips, buck slips, standard



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

▶ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ▶ (310) 595-0800   ▶ leklayman@gmail.com

government forms containing information filled in on lines or blank spaces, slide presentations, "card decks" (for presentations at meetings), power-point presentations, facsimiles (faxes), notes, handwritten notes, notes to the file, requests for decision, requests for authorization, tape recordings, video recordings, electronic mail (email) messages, summaries, briefs, orders, written decisions, applications, telephone records, tape recordings, and other documents and things.

Freedom Watch hereby requests that the Department of Justice as a whole, the Office of the Attorney General Loretta Lynch, the Federal Bureau of Investigation and the Office of the Director James Comey of the FBI produce all documents which refer or relate in any way to each of the specific requests stated below, each request considered separately:

Freedom Watch requests any and all information pertaining to the following:

**1.   Any and all records documents as defined above that concern, refer or relate in any way to the final decision not to recommend prosecution and/or not to prosecute former Secretary of State Hillary Clinton for alleged crimes and other alleged illegalities related to the use and/or misuse of her private email server during her tenure as Secretary of State.**

## LEGAL REQUIREMENTS

The Obama Administration has announced its policy of compliance with Freedom of Information Act requests and directed Federal agencies to comply with the following policy: "President Obama and Attorney General Holder have directed agencies to apply a presumption of openness in responding to FOIA requests. The Attorney General specifically called on agencies not to withhold information just because it technically falls within an exception and he also encouraged agencies to make discretionary releases of records. The Attorney General emphasized that the President has called on agencies to work in a spirit of cooperation with FOIA requesters. The Office of Information Policy at the Department of Justice oversees agency compliance with these directives and encourages all agencies to **fully comply with both the letter and the spirit of the FOIA. President Obama has pledged to make this the most transparent Administration in history.**" (emphasis added) http://www.foia.gov/about.html.

Similarly, President Clinton instructed agencies in October 1993 to ensure compliance with both the spirit and the letter of the Act. *See* President Clinton's FOIA Memorandum, U.S. Department of Justice, FOIA Update, Summer/Fall 1993, at 3.

In addition, Attorney General Reno issued a FOIA Memorandum in October 1993 which *inter alia* states, "I strongly encourage your FOIA officers to make 'discretionary disclosures' whenever possible under the Act," and orders "as presumption of disclosure." *See* Attorney General Reno's FOIA Memorandum, U.S. Department of Justice, FOIA Update, Spring 1994, at 1-2.

2



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

▶ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811  ▶ (310) 595-0800  ▶ leklayman@gmail.com

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, sufficient identifying information (with respect to each allegedly exempt record or portion thereof) must be provided to allow the assessment of the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974). Additionally, pursuant to law, any reasonably segregable portion of a responsive record must be provided after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

If any documents are withheld subject to any claim of privilege, Freedom Watch requests complete information about each document withheld, including which paragraph of the request to which the document is responsive; the author and title of the document; an explanation of the applicability of the claimed exemption to the contents of the document; and the name and title of each person responsible for the denial.

Freedom Watch requests a waiver of all fees for this request under 5 U.S.C. § 552(a)(4)(A)(iii); *see also, Larson v. Central Intelligence Agency*, 843 F.2d 1482, 1483 (D.C. Cir. 1988); *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989); *see also, Judicial Watch, Inc. v. United States Dep't. of Commerce*, No. 95-0133 (D.D.C. May 16, 1995) (order granting Judicial Watch, Inc.'s request for fee waiver with regard to all responsive documents in proceeding).

Freedom Watch is a non-profit, non-partisan, tax-exempt 501(c)(3) organization that as a public interest law firm specializes in deterring, monitoring, uncovering, and addressing public corruption in government. Freedom Watch has and will hold Republicans, Democrats, and Independents equally accountable to ethical and legal standards for honest and open government. The disclosure of this information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of Freedom Watch.

The requester has no commercial purpose as a 501(c)(3) non-profit organization organized exclusively to improve the ethical and legal standards in government, accountability of government officials to the rule of law, and public understanding of government operations.

Freedom Watch will also use the requested material to promote accountable government as a representative of the news media and the public in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989), by disseminating relevant information which may be uncovered. Information will benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny. Freedom watch disseminates into the public through its website www.freedomwatchusa.org, the U.S. mails and on the Internet. The lack of prosecution of former Secretary of State Hillary Clinton for alleged crimes and/or alleged illegalities is a matter of extreme public interest given the appearance that she is above

3



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

**World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811  ▶ (310) 595-0800  ▶ leklayman@gmail.com

the law in particular. Equal justice under the law is a fundamental precept of our system of government.

The subject of this request is information concerning the operations and activities of the government.  Past experience of Freedom Watch demonstrates its success in uncovering important facts about government activities, integrity and operations, of broad concern to the public. Thus, Freedom Watch's request is likely to "contribute significantly" to the public's understanding of the operations of their government, satisfying the requirements of FOIA fee waiver provisions. Freedom Watch's capabilities and effectiveness are a matter of public record.

Immediate release of the requested information is in the public interest, including for promoting confidence in an honest democratic system, and furthering the integrity of the American national government by deterring and/or sanctioning corrupt activities. The failure to do so will likely result in the further compromise of important interests of the American people.

Freedom Watch hereby requests expedited processing of this request pursuant to 5 U.S.C. §552 (a)(6)(E)(ii)(I), as there is a compelling need for the information and time is truly of the essence in this matter.

I look forward to receiving the requested documents and a full fee waiver within twenty (20) business days.


Sincerely,

Larry Klayman
Chairman & General Counsel
2020 Pennsylvania Ave. Ste. 345
Washington, DC 20006

leklayman@gmail.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Bureau of Investigation
Record / Into Dissemination Section
170 Marcel Drive
Winchester VA, 22602

2. Article Number *(Transfer from service label)*

9590 9403 0389 5163 6178 51

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Laurie Day
Office of Information Policy-DoJ
1425 New York Ave NW #11050
Washington DC 20530

[Article] Number *(Transfer from service label)*

9590 9403 0389 5163 6178 44

[PS Form] 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by *(Printed Name)*

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 15, 2016

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NORTHWEST
WASHINGTON, DC 20006

FOIPA Request No.: 1354165-000
Subject: CLINTON, HILLARY RODHAM
(E-mail Server Investigation)

Dear Mr. Klayman:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐   **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑   **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐   **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐   **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.g ov/foia/action/public/home .   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

# EXHIBIT B



# FREEDOM WATCH

► www.FreedomWatchUSA.org

► **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ► (310) 595-0800   ► leklayman@gmail.com

July 14, 2016

*VIA CERTIFIED MAIL, FACSIMILE. RETURN RECEIPT REQUESTED*

**Federal Bureau of Investigation**
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, A 22602-4843
Fax: (540) 868-4391/4997
Email: foiparequest@ic.fbi.gov

**Re:     FREEDOM OF INFORMATION ACT REQUEST.**

Dear Ladies and Gentlemen:

Pursuant to the Freedom of Information Act (5 U.S.C. § 552), and its regulations, Freedom
Watch, Inc. requests that that the Office of the Attorney General ("OAG") and the Federal
Bureau of Investigation ("FBI") produce the below requested documents.

## DEFINITION

For the purposes of this Freedom of Information Act request, the term "document" is hereby
defined expansively to include any or all of the following, whether existing as electronic, digital,
or computer data, in electronic or digital form, or in paper form: correspondence, letters,
memoranda, recommendations, statements, audits, list of names, applications, diskettes, expense
logs and receipts, calendar or diary logs, folders, files, books, manuals, pamphlets, drawings,
charts, photographs, records, orders, plans, proposals, meeting agendas, minutes of meetings,
briefing materials, notes of phone messages or visits, routing slips, buck slips, standard
government forms containing information filled in on lines or blank spaces, slide presentations,
"card decks" (for presentations at meetings), power-point presentations, facsimiles (faxes), notes,
handwritten notes, notes to the file, requests for decision, requests for authorization, tape
recordings, video recordings, electronic mail (email) messages, summaries, briefs, orders, written
decisions, applications, telephone records, tape recordings, and other documents and things.

Freedom Watch hereby requests that the Department of Justice as a whole, the Office of the
Attorney General Loretta Lynch, the Federal Bureau of Investigation and the Office of the
Director James Comey of the FBI produce all documents which refer or relate in any way to each
of the specific requests stated below, each request considered separately:

1



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

▶ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811 ▶ (310) 595-0800 ▶ leklayman@gmail.com

Freedom Watch requests any and all information pertaining to the following:

**1. Any and all records and documents as defined above that concern, refer or relate in any way to the final decision to require agents of the FBI to sign non-disclosure agreements with regard to the investigation of Hillary Clinton and her private email server as discussed in the attached article.**

## LEGAL REQUIREMENTS

The Obama Administration has announced its policy of compliance with Freedom of Information Act requests and directed Federal agencies to comply with the following policy: "President Obama and Attorney General Holder have directed agencies to apply a presumption of openness in responding to FOIA requests. The Attorney General specifically called on agencies not to withhold information just because it technically falls within an exception and he also encouraged agencies to make discretionary releases of records. The Attorney General emphasized that the President has called on agencies to work in a spirit of cooperation with FOIA requesters. The Office of Information Policy at the Department of Justice oversees agency compliance with these directives and encourages all agencies to **fully comply with both the letter and the spirit of the FOIA. President Obama has pledged to make this the most transparent Administration in history.**" (emphasis added) http://www.foia.gov/about.html.

Similarly, President Clinton instructed agencies in October 1993 to ensure compliance with both the spirit and the letter of the Act. *See* President Clinton's FOIA Memorandum, U.S. Department of Justice, FOIA Update, Summer/Fall 1993, at 3.

In addition, Attorney General Reno issued a FOIA Memorandum in October 1993 which *inter alia* states, "I strongly encourage your FOIA officers to make 'discretionary disclosures' whenever possible under the Act," and orders "as presumption of disclosure." *See* Attorney General Reno's FOIA Memorandum, U.S. Department of Justice, FOIA Update, Spring 1994, at 1-2.

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, sufficient identifying information (with respect to each allegedly exempt record or portion thereof) must be provided to allow the assessment of the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974). Additionally, pursuant to law, any reasonably segregable portion of a responsive record must be provided after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

If any documents are withheld subject to any claim of privilege, Freedom Watch requests complete information about each document withheld, including which paragraph of the request to which the document is responsive; the author and title of the document; an explanation of the



# FREEDOM WATCH

► www.FreedomWatchUSA.org

► **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ► (310) 595-0800   ► lcklayman@gmail.com

applicability of the claimed exemption to the contents of the document; and the name and title of each person responsible for the denial.

Freedom Watch requests a waiver of all fees for this request under 5 U.S.C. § 552(a)(4)(A)(iii); *see also, Larson v. Central Intelligence Agency*, 843 F.2d 1482, 1483 (D.C. Cir. 1988); *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989); *see also, Judicial Watch, Inc. v. United States Dep't. of Commerce*, No. 95-0133 (D.D.C. May 16, 1995) (order granting Judicial Watch, Inc.'s request for fee waiver with regard to all responsive documents in proceeding).

Freedom Watch is a non-profit, non-partisan, tax-exempt 501(c)(3) organization that as a public interest law firm specializes in deterring, monitoring, uncovering, and addressing public corruption in government. Freedom Watch has and will hold Republicans, Democrats, and Independents equally accountable to ethical and legal standards for honest and open government. The disclosure of this information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of Freedom Watch.

The requester has no commercial purpose as a 501(c)(3) non-profit organization organized exclusively to improve the ethical and legal standards in government, accountability of government officials to the rule of law, and public understanding of government operations.

Freedom Watch will also use the requested material to promote accountable government as a representative of the news media and the public in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989), by disseminating relevant information which may be uncovered. Information will benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny. Freedom watch disseminates into the public through its website www.freedomwatchusa.org, the U.S. mails and on the Internet. The lack of prosecution of former Secretary of State Hillary Clinton for alleged crimes and/or alleged illegalities is a matter of extreme public interest given the appearance that she is above the law in particular. Equal justice under the law is a fundamental precept of our system of government.

The subject of this request is information concerning the operations and activities of the government. Past experience of Freedom Watch demonstrates its success in uncovering important facts about government activities, integrity and operations, of broad concern to the public. Thus, Freedom Watch's request is likely to "contribute significantly" to the public's understanding of the operations of their government, satisfying the requirements of FOIA fee waiver provisions. Freedom Watch's capabilities and effectiveness are a matter of public record.



# FREEDOM WATCH

▶ www.FreedomWatchUSA.org

▶ **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ▶ (310) 595-0800   ▶ leklayman@gmail.com

Immediate release of the requested information is in the public interest, including for promoting confidence in an honest democratic system, and furthering the integrity of the American national government by deterring and/or sanctioning corrupt activities. The failure to do so will likely result in the further compromise of important interests of the American people.

Freedom Watch hereby requests expedited processing of this request pursuant to 5 U.S.C. §552 (a)(6)(E)(ii)(I), as there is a compelling need for the information and time is truly of the essence in this matter.

I look forward to receiving the requested documents and a full fee waiver within twenty (20) business days.


Sincerely,

Larry Klayman
Chairman & General Counsel
2020 Pennsylvania Ave. Ste. 345
Washington, DC 20006

leklayman@gmail.com

4



Print    Close


# 'Gag' order: FBI confirms special secrecy agreements for agents in Clinton email probe

By Catherine Herridge, Pamela K. Browne

Published July 14, 2016

FoxNews.com

The FBI has confirmed to a senior Republican senator that agents were sworn to secrecy -- and subject to lie detector tests -- in the Hillary Clinton email probe, an extensive measure one former agent said could have a "chilling effect."

A July 1 letter sent by a senior deputy to FBI Director James Comey to Senate Judiciary Committee Chairman Charles Grassley, R-Iowa, detailed the restrictions on agents. The letter, reviewed by Fox News, confirmed agents signed a "Case Briefing Acknowledgement" which says the disclosure of information is "strictly prohibited" without prior approval, and those who sign are subject to lie detector tests.

"The purpose of this form is to maintain an official record of persons knowledgeable of a highly sensitive Federal Bureau of Investigation counterintelligence investigation," the agreement attached to the Grassley letter reads, "....I (FBI agent) also understand that, due to the nature and sensitivity of this investigation, compliance with these restrictions may be subject to verification by polygraph examination."

The measures show the extent to which the bureau has gone to keep additional details of the politically sensitive case from going public. While Comey has provided some information on why the FBI did not opt to pursue charges, Attorney General Loretta Lynch repeatedly ducked questions on specifics of the case at a House hearing Tuesday.

A recently retired FBI agent, who declined to speak on the record, citing the sensitivity of the matter, said a "Case Briefing Acknowledgement" is reserved for "the most sensitive of sensitive cases," and can have a "chilling effect" on agents, who understand "it comes from the very top and that there has to be a tight lid on the case."

The former agent said the agreements can also contribute to "group think" because investigators cannot bounce ideas off other agents, only those within a small circle.

2016 Election Headquarters
The latest headlines on the 2016 elections from the biggest name in politics. See Latest Coverage →

Grassley first wrote to the FBI Director February 4 after a Fox News report that agents were asked to sign additional non-disclosure agreements. In his response to the senator, the FBI's Assistant Director, Office of Congressional Affairs, Stephen D. Kelly, said "this was not a unique circumstance" and agents "may from time to time be asked to sign similar forms."

The July letter also says that the purpose of the agreement was two-fold: "to maintain an official record of all persons knowledgeable of this highly unusual investigation, and to remind individuals of their obligations to protect classified and sensitive information." The letter states "no one refused to sign" or "raised any questions or concerns."

Comey said last week more than 100 classified emails were sent or received by Hillary Clinton, including some at the Top Secret level, which would require agents to have the necessary clearance to review and investigate. Some of the intelligence came from the U.S. government's most closely held programs, known as Special Access Programs, or SAP and included human spying.

The "Case Briefing Acknowledgement" is more evidence that the probe was always a serious criminal investigation, and never a "security review" or "security inquiry" as described by Clinton and her campaign team.

Responding one day after the FBI director said he would not recommend criminal charges, Grassley pointed to Comey's conclusions that a limited number of emails had classified markings, thousands of work related emails were not turned over by Clinton to the State Department despite a sworn declaration to a federal court and her public assurances, as well as "potential violations of the statutes regarding the handling of classified information."

"In light of all these inconsistencies, it is even more troubling that the FBI tried to gag its agents with a non-disclosure agreement on this matter, in violation of whistleblower protection statutes," Grassley said in the strongly worded letter. "...you indicated that agents working on this case were required to sign a non-disclosure agreement that failed to exempt protected whistleblowing. Only after I wrote to you did you advise your FBI agents that they are still free to speak with Congress regarding waste, fraud, and abuse."

The "Case Briefing Acknowledgement Addendum" provided to Senator Grassley after the initial FBI response July 1 makes clear the agreement does not supersede or conflict with "communications to Congress" and "the reporting to an Inspector General of a violation, or a substantial and specific danger to public health or safety, or….any other whistleblower protection."

Grassley also noted the timing of the FBI's response five months after his original request for information on the NDAs, with a partial response July 1, and full response on July 5 2016, the same day the FBI made a public recommendation at bureau headquarters against criminal charges.

The New York Post first reported that the "Case Briefing Acknowledgement" was signed by the Clinton email agents, citing anonymous sources, but the Grassley letter is believed to be the first public acknowledgement by the FBI, and includes a sample copy of the non-disclosure agreement.

Grassley's letter is wide ranging, and beyond the non-disclosure agreements, requests a response by July 20 to questions including whether, after Bill Clinton and Lynch's June 28 meeting on a Phoenix airport tarmac, there is no need for a special counsel. He also wanted to know about the FBI's reported agreement that some questions would be off limits for Clinton's personal attorney Cheryl Mills, and whether the FBI or Justice Department raised concerns that several of Clinton's associates used the same attorneys to represent them in the investigation.

*Catherine Herridge is an award-winning Chief Intelligence correspondent for FOX News Channel (FNC) based in Washington, D.C. She covers intelligence, the Justice Department and the Department of Homeland Security. Herridge joined FNC in 1996 as a London-based correspondent.*

*Pamela K. Browne is Senior Executive Producer at the FOX News Channel (FNC) and is Director of Long-Form Series and Specials. Her journalism has been recognized with several awards. Browne first joined FOX in 1997 to launch the news magazine "Fox Files" and later, "War Stories."*

Print | Close

URL
http://www.foxnews.com/politics/2016/07/14/gag-order-fbi-confirms-special-secrecy-agreements-for-agents-in-clinton-email-probe.html

Home | Video | Politics | U.S. | Opinion | Entertainment | Tech | Science | Health | Travel | Lifestyle | World | Sports | Weather
Privacy | Terms

This material may not be published, broadcast, rewritten, or redistributed. © FOX News Network, LLC. All rights reserved. All market data delayed 20 minutes.



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 26, 2016

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NORTHWEST
WASHINGTON, DC 20006

FOIPA Request No.: 1354757-000
Subject: CLINTON, HILLARY RODHAM
(Use of Non-Disclosure Agreements in E-mail
Server Investigation)

Dear Mr. Klayman:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.g ov/foia/action/public/home . Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 26, 2016

MR. LARRY KLAYMAN
FREEDOM WATCH
SUITE 345
2020 PENNSYLVANIA AVENUE, NORTHWEST
WASHINGTON, DC 20006

FOIPA Request No.: 1354757-000
Subject: CLINTON, HILLARY RODHAM
(Use of Non-Disclosure Agreements in E-mail
Server Investigation)

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑  Your request has been received at FBI Headquarters for processing.

☐  Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑  We are searching for information responsive to this request.   We will inform you of the results in future correspondence.

☐  The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐  Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑  Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑  For the purpose of assessing fees, we have made the following determination:

    ☐  As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☑  As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☐  As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.g ov/foia/action/public/home .  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov .  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ ic.fbi.gov .  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FBI Record/Info Dissemination Section
170 Marcel Drive
Winchester VA 22602

9590 9403 0389 5163 6177 45

2. Article Number (Transfer from service label)

7015 1660 0001 0603 3975

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt